On Rehearing.
LudeliÍstg, C. J.
This is a contest between the plaintiff, who is trying to subject, to her legal mortgage a plantation in the possession of the defendant, a third possessor.
The facts, disclosed by the record, are that the plaintiff has a judgment against her husband, Edward Yives, for a large sum of money, and to secure this sum she has a legal mortgage against the property which may have been owned by the husband since the existence of her claim. The property in the possession of Sharp was sold to Edward Yives in 1861, and a mortgage and vender’s privilege were retained on the property. The act of sale was not recorded till 1866, at which time the mortgage and privilege were also duly recorded in the parish where the property is situated. This property was seized and sold to pay a part of the price, secured by the vendor’s privilege and mortgage, and the vendee at that sale sold to Jackson Sharp.
After this the wife of Edward Yives obtained her judgment and recorded it. She now claims that her legal or tacit mortgage was superior to the vendor’s privilege and mortgage, and that the property bought by Sharp is subject to her mortgage, because the mortgage and *463 privilege of Dalferes, the vendor of Yives, her husband, were not recorded immediately after the sale.
The mortgage and privilege were recorded at the same time the act of sale was recorded in the records of the parish.
In the case of Rochereau v. Colomb, recently decided, we held that the delay to record the act of sale could not defeat the vendor’s privilege and mortgage in favor of a creditor of the vendee, who held a legal or judicial mortgage against him, if the mortgage and privilege were recorded at the same time with the act of sale.
Eor the reasons given in that case, it is ordered and adjudged that our former decree be annulled, and that the judgment of the court a qua be set aside.
It is further ordered and adjudged that the plaintiff’s demand be rejected, with costs of both courts.